UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**KAREEM ABDUL JOHNSON #105117**          **CASE NO. 5:22-CV-05804 SEC P**

**VERSUS**                                 **CHIEF JUDGE S. MAURICE HICKS, JR.**

**J STOCKS**                               **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM ORDER**

Plaintiff Kareem Abdul Johnson ("Johnson"), a prisoner at Caddo Correctional Center, filed this proceeding on approximately October 25, 2022, under 42 U.S.C. § 1983. [doc. # 1]. He did not submit the complaint on approved forms, nor did he either pay the filing fee or submit an application to proceed in forma pauperis.

First, Johnson must submit the complaint on approved forms that are legibly handwritten or typewritten.

Second, he would normally be permitted to either pay the filing fee or submit an application to proceed in forma pauperis. However, under 28 U.S.C. § 1915(g), "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Here, federal district courts have, in at least three separate proceedings that Johnson filed while he was incarcerated or detained, dismissed Johnson's civil rights complaints as either

frivolous, malicious, or for failure to state a claim on which relief can be granted: *Kareem Abdul Johnson v. James Harris*, 5:21-cv-3913 (W.D. La. January 24, 2022) (dismissing Plaintiff's civil rights complaint with prejudice "as frivolous under 28 U.S.C. §1915(e)."); *Kareem Abdul Johnson v. Steve Prator, et al.*, 5:21-cv-4433 (W.D. La. April 19, 2022) (dismissing Plaintiff's civil rights complaint with prejudice "as frivolous under 28 U.S.C. § 1915(e)."); *Kareem Abdul Johnson v. USAA, et al.*, 5:22-cv-0296 (W.D. La. June 22, 2022) (dismissing Plaintiff's civil rights complaint without prejudice "for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).").

Of note, the judgment above in *Johnson*, 5:22-cv-0296, dismissed Johnson's claims "pursuant to 28 U.S.C. § 1915(e)(2)." Dismissals under Section 1915(e)(2) occur when: "(A) the allegation of poverty is untrue; or (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The court in *Johnson*, 5:22-cv-0296, did not dismiss his because "the allegation of poverty" was untrue or because any defendant was immune. *Id.* at Doc. 14. Rather, it dismissed the claims for lack of subject-matter jurisdiction.[1] Thus, the Court dismissed the claims as either frivolous, malicious, or for failing to state claims on which relief may be granted. All these grounds for dismissal qualify as strikes or 'prior occasions' under 28 U.S.C. § 1915(g).

In addition, the judgment in *Johnson*, 5:22-cv-0296, was without prejudice. In that respect, "The text of Section 1915(g)'s three-strikes provision refers to any dismissal for failure

---

[1] *See Nixon v. Att'y Gen. of Texas*, 537 F. App'x 512 (5th Cir. 2013) (affirming a district court's dismissal, as frivolous, of claims lacking subject-matter jurisdiction); *Bui Phu Xuan v. Fort Worth Star Telegram*, 277 F. App'x 452, 454 (5th Cir. 2008) (concluding that a district court correctly dismissed claims as frivolous because the plaintiff sued only "private parties" under Section 1983).

2

to state a claim, whether with prejudice or without." *Lomax v. Ortiz-Marquez*, 207 L. Ed. 2d 132 (June 8, 2020); *see also McGee v. Acevedo*, 849 F. App'x 133, 134 (5th Cir. 2021).

Further, the judgment in *Johnson*, 5:22-cv-0296, dismissed Johnson's claims "for lack of subject-matter jurisdiction[.]" A dismissal for lack of subject-matter jurisdiction qualifies as a strike under 28 U.S.C. § 1915(g). *See Fulton v. Texas*, 217 F. App'x 371 (5th Cir. 2007) (finding, where the "district court lacked subject-matter jurisdiction over [the plaintiff's] complaint[,]" that the "district court's dismissal" counted as a strike under 28 U.S.C. § 1915(g)); *Stewart v. Williams*, 359 F. App'x 457 (5th Cir. 2009) (finding, where the district court determined that it lacked subject matter jurisdiction, that the district court's dismissal counted as a strike); *Bibbs v. Harris*, 578 F. App'x 448, 449 (5th Cir. 2014).

Moreover, last month and this months, the undersigned has issued multiple Memorandum Orders in where Plaintiff is pursuing civil rights actions. *See, e.g., Kareem Abdul Johnson v. Steve Prator, et al.,* Civ. Action No. 22-5235 (W.D. La.), revoking the previous order finding that Johnson could proceed in forma pauperis and ordering him to pay the full $402.00 filing fee in one lump sum within twenty-one (21) days.

Finally, the Court does not find that Johnson is in imminent danger of serious physical injury.

Accordingly, **IT IS ORDERED** that, no later than twenty-one (21) days from the date of this Memorandum Order, Johnson shall (1) submit his Complaint on approved forms AND (2) pay the full filing fee of $402. **FAILURE TO SUBMIT HIS COMPLAINT ON APPROVED FORMS (a copy of which accompany this Memorandum Order) OR TO PAY THE FULL FILING FEE WILL RESULT IN THE PLEADINGS BEING STRICKEN FROM THE**

**RECORD**.

In Chambers, Monroe, Louisiana, this 14th day of November, 2022.

                                                KAYLA DYE MCCLUSKY
                                    UNITED STATES MAGISTRATE JUDGE